# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

In Re:

DANIEL A. BUCKNER and
LAURIE A. BUCKNER,

**Bankruptcy Case
No. 04-41040**

**Debtors.**
_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Paula Brown Sinclair, Twin Falls, Idaho, Attorney for Debtors.

## Background

    Chapter 7 Debtors' Counsel, Paula Sinclair, filed a motion for Court approval of her attorney fees (the "Fee Motion"). Docket No. 24. The Court conducted a hearing on the Fee Motion on January 31, 2005. After due

MEMORANDUM OF DECISION - 1

consideration, the Court concludes that Counsel's Fee Motion will be granted in part.[1]

## Facts

Debtors Daniel and Laurie Buckner ("Debtors") filed a petition under Chapter 7 of the Bankruptcy Code on May 14, 2004. Docket No. 1. Counsel's Rule 2016(b)[2] disclosure of compensation showed that she had agreed to represent Debtors in the bankruptcy case for a flat fee of $541, which fee she had received. Docket No. 2. The disclosure indicates the parties' fee agreement did not include representation by Counsel for contested matters that might arise after filing the petition.

On August 25, 2004, through Counsel, Debtors filed a motion seeking to recover damages under § 362(h) because one of their creditors, Bank of America ("Creditor"), had violated the automatic stay. Docket No. 15. The Court conducted a hearing concerning this motion on September 20, 2004. When the case was first called on the Court's calendar, Creditor was not represented or otherwise present. The Court postponed consideration of the motion until the

---

[1] This Memorandum constitutes the Court's findings of fact and conclusions of law under applicable rule. Fed. R. Bankr. P. 7052; 9014.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all rule references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 2

remaining hearings on the calendar were completed. When the case was recalled, Creditor still did not appear. After considering the testimony, evidence and oral argument Debtors offered, the Court granted the motion and awarded Debtors actual damages of $70, $500 in attorney fees for prosecution of the motion, and $5,700 in punitive damages. *See* Minute Entry, Docket No. 18; Judgment, Docket No. 21. The attorney fees included in the award were based upon Counsel's representation at the hearing that such an amount was a reasonable fee for her services in prosecuting the motion.

Apparently, during the delay in calling Debtors' case on the day of the hearing, Counsel and her clients struck an agreement concerning her fee for handling the motion.[3] Debtors agreed to pay Counsel 50% of any amount the Court awarded on account of the alleged stay violation. Fee Motion, ¶ c, Docket No. 24. The agreement provided that payment of Counsel's fees was contingent upon collection of the judgment, and Counsel agreed she would be entitled to no fees if she could not collect from Creditor. Sinclair Aff. at 3, ¶ 11, Docket No. 31.

Thereafter, Creditor paid the full amount of the judgment. Counsel

---

[3] It is unclear from the record whether this hallway deal was the initial agreement between Counsel and Debtors concerning her fees for the stay violation motion, or if this arrangement modified a prior agreement. The Court would find it odd that Counsel would file the motion and proceed to hearing without a fee agreement in place with her clients. The Court will assume there was no existing fee agreement concerning the Fee Motion, since none has ever been disclosed by Counsel.

MEMORANDUM OF DECISION - 3

first disclosed the contingent fee agreement to the Court and parties in the bankruptcy case when Counsel filed her Fee Motion on January 10, 2005, in which she seeks approval of compensation of $3,135, representing 50% of the judgment paid by Creditor, and which sums she now holds in her client trust account. Fee Motion, ¶ d, Docket No. 24.

No objections or responses to the Fee Motion were filed. However, at the hearing, it appeared that Debtors had not been served with a copy of the Fee Motion or been given notice of the hearing. In addition, the Court noted that Counsel had filed no supplemental Rule 2016(b) disclosure concerning the contingent fee agreement. As a result, the Court asked Counsel to promptly file a supplemental disclosure, obtain her clients' consent for the fee payment, and file an affidavit in support of the Fee Motion detailing the services she provided in connection with the stay violation motion.

Counsel complied with the Court's requests. She filed a supplemental compensation disclosure on February 3, 2005, setting forth the agreement for additional compensation for prosecution of the stay violation motion. Docket No. 29. In an affidavit, Debtors indicate they have no objection to Counsel's fee. Debtors' Aff. at 1, ¶ 2, Docket No. 30. Debtors say they agreed to the contingent fee because, at the time, it seemed advantageous for them to pay

MEMORANDUM OF DECISION - 4

nothing if Counsel could not collect the judgement.  Debtors' Aff. at 2, ¶ 3, Docket No. 30.

Counsel filed her affidavit itemizing the services she provided to Debtors in prosecuting the stay violation motion and supporting her request for additional fees.  She details 7.8 hours counseling her clients, preparing and filing the motion, attending the hearing, and collecting the judgment.  Sinclair Aff. at 2, Docket No. 31.[4]  Counsel indicates her customary hourly rate is $150.  In other words, if Counsel would have billed Debtors by the hour for her help, she would be asking for $1,170.  Sinclair Aff. at 2, ¶ 3, Docket No. 31.  In the affidavit, Counsel also expresses her belief that a contingent fee arrangement, whereby her clients would owe her nothing if she were unsuccessful in collecting the judgment, is a valuable tool for Chapter 7 debtors needing to redress stay violations, as compared to the attendant unconditional obligation to pay fees under a traditional hourly fee agreement.  Sinclair Aff. at 3–4, ¶¶ 11, 13, Docket No. 31.

---

[4] Counsel's fee affidavit also candidly discloses that she spent another 7.8 hours preparing and presenting the instant Fee Motion seeking approval of the contingent fee agreement to the Court.  Sinclair Aff. at 2–3, Docket No. 31.  The Court appreciates that a reasonable amount of time was required of Counsel to comply with the Bankruptcy Code.  Due consideration of these services is given below.

MEMORANDUM OF DECISION - 5

## Disposition

Counsel deserves considerable credit for her efforts in pursuing what appeared to the Court to be a serious violation of the Bankruptcy Code by a sophisticated institutional creditor. Counsel's services were necessary and beneficial, and there is no reason to question the amount of time spent by Counsel in obtaining relief for her clients. In seeking, recovering and collecting punitive damages from Creditor, Counsel has helped highlight the seriousness of creditors' obligations to comply with the Bankruptcy Code. Hopefully, entry of the judgment in this case will deter stay violations. Moreover, Counsel should not be criticized for the amount of the fees she seeks here simply because she was successful in collecting the judgment in this case. Obviously, if Debtors had recovered a lesser amount, Counsel's challenge in justifying her fees under her contingent fee agreement would be correspondingly reduced.

Still, Counsel's fee request must be carefully examined. Though no party has objected to Counsel's Fee Motion, the Court has an independent duty under the Code to review attorney compensation. *In re Andrus*, 04.3 I.B.C.R. 137, 144 (Bankr. D. Idaho 2004) ("[T]he Court must independently evaluate the request and determine that the fees asserted [for prosecuting the stay violation] are reasonable."). Section 329(b) prohibits Counsel's receipt of fees that exceed the

MEMORANDUM OF DECISION - 6

reasonable value of her services. And while the results obtained by Counsel for her clients is commendable and deserves consideration, there are also problems present on this record in Counsel's approach to compensation.

Under § 329(a) and Rule 2016(b), a debtor's attorney is required to execute and file a supplemental statement concerning any payment received or compensation agreement not previously disclosed within fifteen days after receiving such payment or making any new agreement. Here, Counsel struck her fee agreement with Debtors in the hall during the Court's recess on the date of the hearing. However, Counsel failed to disclose this fee arrangement to the Court and parties in the bankruptcy case until she filed her Fee Motion, almost four months later. This approach hardly complies with the Rules.

The Court appreciates that Counsel, on her own initiative, brought the agreement to the Court's attention instead of leaving it to the Court to ferret out the indiscretion, as it has been required to do in other cases. *See, e.g., In re Peterson*, 04.3 I.B.C.R. 117 (Bankr. D. Idaho 2004). But "[s]trict compliance with . . . Rule [2016] is mandated, and a failure to properly disclose is itself sanctionable conduct, even if no other inappropriate conduct or transaction has occurred." *In re Soderberg*, 99.4 I.B.C.R. 152, 153 (Bankr. D. Idaho 1999) (citing *In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995)). *See also In re Lish*,

MEMORANDUM OF DECISION - 7

04.1 I.B.C.R. 34, 35 (Bankr. D. Idaho 2004) (noting that even an inadvertent failure to disclose is sanctionable); *In re Larson*, 04.1 I.B.C.R. 15, 16 (Bankr. D. Idaho 2004) ("[T]he requirements of § 329 and Rule 2016 are mandatory, not optional . . . ."). As a sanction for failing to timely and adequately disclose fee agreements, the Court may, in its discretion, deny counsel all fees, even if the violation was unintentional. *In re Lish*, 04.1 I.B.C.R. at 35; *In re Larson*, 04.1 I.B.C.R. at 16; *In re Soderberg*, 99.4 I.B.C.R. at 153 (citing *In re Lewis*, 113 F.3d 1040, 1045 (9th Cir. 1997)).

In the interests of fairness to all the debtors' attorneys in this District who have been called to account for their failures to strictly comply with the Code and Rules concerning disclosing fee arrangements, Counsel's failure to timely satisfy her obligation to disclose her fee arrangement must be addressed. Under the circumstances, a reduction of Counsel's approved fee by 10% is appropriate.

The Court next turns to the reasonableness of Counsel's fee. "Reasonableness" under § 329(b) is determined by the same standards applied in determining the amount of compensation to be paid to bankruptcy estate professionals under § 330.[5] *In re For-Rose Plumbing, Inc.*, 99.2 I.B.C.R. 69, 71

---

[5] The factors considered in § 330(a)(3)(A) require the Court to consider the nature, extent, and value of legal services, and take into account the following factors: (1) the time spent; (2) the rates charged; (3) whether the services were necessary or beneficial toward the completion of a case; (4) whether the services were performed

MEMORANDUM OF DECISION - 8

(Bankr. D. Idaho 1999).  In this Circuit, the lodestar approach, whereby the Court multiplies a reasonable number of hours expended by a reasonable hourly rate, is the method customarily employed to measure the value of legal services rendered in a case.  *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983); *In re Eliapo*, 298 B.R. 392, 398 (B.A.P. 9th Cir. 2003); *In re Jordan*, 00.1 I.B.C.R. 46, 48 (Bankr. D. Idaho 2000), *aff'd., Haight v. Zimmerman*, No. ID-00-1401 (B.A.P. 9th Cir. Mar. 29, 2001).  If the compensation sought exceeds the reasonable value of the services rendered, the Court may cancel the parties' agreement and order any payment found to be unreasonable disgorged.  11 U.S.C. § 329(b); *In re Soderberg*, 99.4 I.B.C.R. at 153.  It is Counsel's burden to demonstrate that the requested compensation is reasonable in amount.

When an attorney's fee is awarded under § 362(h) as a component of actual damages, the Court considers, in each case, the services that were actually performed and whether the fees charged were reasonable in amount to arrive at an appropriate fee.  In this case, when the Court sought her advice at the hearing, Counsel suggested $500 was a reasonable amount based, presumably, upon the time she spent on the task and her customary hourly fee.  To the Court, this

---

within a reasonable amount of time; and (5) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than those under Title 11.

MEMORANDUM OF DECISION - 9

amount indeed seemed reasonable, at least at that point of the litigation. If Debtors and Counsel had negotiated some different fee agreement, clearly that information would have been relevant to the Court's inquiry, and would have been helpful in fixing the fee award at the hearing.

Use of a contingent fee agreement by a debtor and his or her attorney is not *per se* unreasonable. *See In re Yermakov*, 718 F.2d at 1470 (noting that "nothing inherent in a contingency fee agreement between a debtor and his attorney prevents it from being enforceable in bankruptcy."). Even so, the fee eventually paid under such an arrangement must reflect the reasonable value of the attorney's services. *Id.* at 1470–71.

Counsel's contingent fee arrangement deserves considerable scrutiny in this context.[6] Use of a significant contingent fee arrangement to compensate an attorney to pursue a stay violation claim against a creditor could lead to needless litigation where significant punitive damages are sought based upon hopes that the attorney will recover high fees. This Court has recently expressed its concerns about encouraging a "cottage industry of precipitous section 362(h) litigation,"

---

[6] Although the Court does not suggest a violation occurred, it notes that Idaho Rule of Professional Conduct 1.5(c) requires that a contingent fee agreement be in writing, signed by the client, and that it clearly state the method by which the fee is to be determined. Other than Debtors' affidavit, no written fee agreement was submitted in the record in this case, assuming one exists.

MEMORANDUM OF DECISION - 10

when the only motive for bringing such a motion is to generate a large fee for the attorney. *In re Risner*, 04.4 I.B.C.R. 172, 175 (Bankr. D. Idaho 2004) (quoting *Eskanos & Adler, P.C. v. Roman* (*In re Roman*), 283 B.R. 1, 11–12 (B.A.P. 9th Cir. 2002)); *see also In re Robinson*, 228 B.R. 75, 85 (Bankr. E.D.N.Y. 1998) (expressing dismay at the notion of § 362 being used to generate legal fees for a debtor's attorney).[7]

On the other hand, the Court appreciates the risk involved in prosecuting, and then collecting, stay violation judgments. In this case, by agreeing to a fee contingent upon the outcome, Counsel assumed the risk that the stay violation motion would be hotly contested; that the Court would deny the motion; that if granted, the Court would award Debtors only minimal damages; and that any judgment could not be collected. Under any of those circumstances, Counsel risked inadequate compensation. Given all these potential pitfalls, it is doubtful Counsel would agree to a contingent fee to pursue a frivolous claim.

While a contingent fee may have been justified, Counsel has not adequately demonstrated to the Court why a 50% fee was warranted as compared to a lower percentage in this particular case. Counsel has not shown whether there were potential defenses to the stay violation motion; whether a defense would be

---

[7] The Court does not suggest Counsel was motivated in this case by the prospect of a significant fee award.

MEMORANDUM OF DECISION - 11

mounted by Creditor; whether Debtors' compensatory damages were speculative; whether there was doubt that Creditor's conduct was sufficiently egregious to warrant the imposition of significant punitive damages; or whether there was some likelihood any judgment obtained could not be collected. Had Creditor made an appearance and vigorously defended its position during the stay violation proceedings, the reasonableness of Counsel's proposed fee may have been self-evident. But on this record, where the Creditor did not appear, defend, or apparently resist payment of the judgment, the Court lacks the kind of facts necessary for it to conclude that Counsel should be paid $3,315.00.

In the absence of a showing to support this amount, the Court must revert to the lodestar approach for guidance. The Court acknowledges that, under their bankruptcy case fee arrangement, Counsel was not obligated, nor previously compensated, to litigate a contested matter. Additional compensation beyond Counsel's flat fee is clearly justified. And Counsel should not be prevented from receipt of more fees than the $500 awarded by the Court, despite recommending this sum as reasonable at the time, since Counsel did not have the benefit of reviewing her time records, nor could she know what post-hearing services would be required.

MEMORANDUM OF DECISION - 12

The Court accepts Counsel's representation that she expended 7.8 hours in recovering from Creditor, and believes that the time spent was reasonable. Counsel's hourly rate of $150 is also reasonable. *In re Staggie*, 255 B.R. 48, 55 (Bankr. D. Idaho 2000) (noting that the Court routinely approved fees in consumer bankruptcy cases at rates up to $125 per hour).[8] Applying the lodestar yields a reasonable attorney fee of $1,170. *Burgess v. Klenske* (*In re Manoa Fin. Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988) (noting that the lodestar is a presumptively reasonable fee).

However, the Court concludes that Counsel, through her affidavit, has demonstrated that an upward adjustment to her standard hourly rate is appropriate in this case. *In re Manoa Fin. Co., Inc.*, 853 F.2d at 692 (requiring a showing as to why the results obtained were not reflected in a standard hourly rate, and why the adjustment is necessary to make the award commensurate with comparable nonbankruptcy services). Courts have traditionally considered the following factors when evaluating the propriety of allowing an enhanced fee beyond that indicated by the lodestar formula: (1) the time and labor required; (2) the preclusion of other employment by the attorney due to acceptance of the case; (3) the customary fee; (4) whether the fee is fixed or contingent; (5) time

---

[8] The Court considers $150 to be a reasonable rate in today's market, considering that *Staggie* was decided almost five years ago.

MEMORANDUM OF DECISION - 13

limitations imposed by the client or the circumstance; (6) the amount involved; (7) the "undesirability" of the case; (8) the nature and length of the professional relationship with the client; and (9) awards in similar cases. *In re One City Centre Assocs.*, 111 B.R. 872, 876 (Bankr. E.D. Cal. 1990) (citing *Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir. 1975), *cert. den.*, 425 U.S. 951 (1976)).  Four additional factors have been articulated to support an upward adjustment when the applicant establishes by specific evidence that he or she is not fully compensated by the lodestar: (1) the novelty and complexity of the issues; (2) special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. *In re One City Centre Assocs.*, 111 B.R. at 876–77 (citing *In re Manoa Fin. Co., Inc.*, 853 F.2d at 691).  Finally, the risk of not prevailing, and the concomitant risks of nonpayment, as well as the difficulty of finding counsel to litigate the case, may also be considered by the court in deciding whether to adjust an otherwise compensatory fee. *First Nat'l Bank of Chicago v. Comm. of Creditors Holding Unsecured Claims* (*In re Powerline Oil Co.*), 71 B.R. 767, 773 (B.A.P. 9th Cir. 1986); *In re One City Centre Assocs.*, 111 B.R. at 877.

   In this case, Counsel accepted a potentially challenging and time-consuming legal assignment.  Her commitment to this case precluded her attention to other cases that she had pending at the time, and which guaranteed her payment

MEMORANDUM OF DECISION - 14

at a higher hourly rate for her nonbankruptcy services. Sinclair Aff. at 3, ¶ 9, Docket No. 31. The prosecution of the stay violation was not included in the customary fee for preparing Debtors' routine case. Moreover, because of the risk factors discussed above, the pursuit of stay violations in bankruptcy cases may be seen as undesirable by other bankruptcy practitioners Debtors might have asked to represent them. The outcome of the litigation was extremely favorable. Debtors benefitted, the integrity of the bankruptcy system was protected, and a sophisticated institutional creditor's disregard of the law redressed. Finally, at the time she undertook the assignment, the outcome of this litigation was uncertain, and there was a significant risk she would not be paid, both because of Debtors' lack of resources to pay fees, and the uncertainty and delay attendant in collecting the judgment from Creditor. All things considered, in the exercise of its discretion, the Court concludes a fee enhancement over the lodestar amount is appropriate. Counsel will be awarded 1.5 times her normal hourly rate for prosecuting the stay violation motion. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (upholding a fee enhancement using a multiplier of 1.5).

In addition, the Court concludes it is proper in this instance to compensate Counsel for a reasonable amount of time spent in obtaining Court approval of her fee. Three additional hours of attorney time will be allocated to

MEMORANDUM OF DECISION - 15

this process. Because this time was expended after the judgment had been collected, it must be compensated at Counsel's usual rate.

Under the above considerations, this yields a total reasonable fee of $2,205.[9] This sum shall be reduced by 10% as a sanction for Counsel's failure to timely disclose her fee agreement under Rule 2016(b). The net fee approved shall be $1,984.50.

## Conclusion

Counsel is entitled to reasonable compensation for her services. No adequate showing was made by Counsel to sustain her request that she be paid $3,135.00. Therefore, the lodestar approach must be used to determine a reasonable fee. Based upon the uncertainties and undesirability of the litigation, her clients' lack of ability to pay significant fees, the risk of nonpayment by Creditor, and the results obtained from her services, Counsel is entitled to an enhanced hourly rate for her efforts. But Counsel failed to comply with the Rules requiring supplemental disclosure of her fee agreement with her clients, so the total amount of her fees should be reduced to address the seriousness of this mistake.

---

[9] The Court arrived at this figure as follows: (7.8 hours x $150/hour x 1.5 = $1,755) + (3.0 hours x $150 = $450) = $2,205.

MEMORANDUM OF DECISION - 16

Counsel's Fee Motion will be granted, but only in part. Fees to Counsel shall be approved in the amount of $1,984.50. A separate order will be entered.

Dated: March 11, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 17